# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

WARREN MARRS,             )
                                          )
        Plaintiff,         )      16- cv-10171
                                            )
              v.           )      Magistrate Judge Susan E. Cox
                                            )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social Security,[1]    )
                                            )
        Defendant.       )

## MEMORANDUM OPINION AND ORDER

On October 28, 2016, Plaintiff initiated this matter by filing his Complaint. On April 4, 2017, Plaintiff filed his motion to reverse the Social Security Administration's ("SSA") disability determination [dkt. 13]. On July 20, 2017, Defendant filed a Motion for Reversal with Remand for Further Administrative Proceedings [dkt.20] (which is essentially a summary judgment motion for purposes of an SSA appeal). On July 27, 2017, the Court granted Defendant's motion for reversal and remand "over Plaintiff's objections/positions as set forth in Defendant's Motion" [dkt 26]. This matter is before the Court on Plaintiff's fully briefed Motion to Alter or Amend Judgment pursuant to FRCP 59(e) [dkt.27].

To prevail on a Rule 59(e) motion to alter or amend a judgment, Plaintiff must clearly establish that the court committed a manifest error of law or fact. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).[2] Plaintiff argues that the Court committed an error of law when it granted Defendant's motion to remand without including within that remand order certain

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

[2] Plaintiff does not assert newly discovered evidence, another potential basis for relief under Rule 59(e). *Beyrer*, 722 F.3d at 954.

requirements and limitations on the SSA and the Administrative Law Judge ("ALJ").[3] Primarily, the Plaintiff sought to have this Court order the ALJ to consider the issues raised in the opening brief of Plaintiff's appeal to the Court.

Of course, including such limitations on remand would be akin to the Court (at least implicitly) finding that Plaintiff's contentions on appeal were meritorious. However, a motion to remand obviates the need for the Court to engage in an analysis of the ALJ's decision and to make rulings on the same. Such was the case here; in ruling on the Commissioner's motion to remand, the Court was not required to make rulings on Plaintiff's motion for summary judgment related to the ALJ's decision, regardless of whether that the motion for remand was fully or partially agreed to.

Similar issues were raised in *Fox v. Colvin*, 2016 WL 2889030, at *2 (N.D. Ill. May 17, 2016). In that case, the plaintiff did not object to the notion that his social security appeal should be remanded, but objected to defendant's motion to remand to the extent he sought to have terms (analogous to those sought by plaintiff in the instant matter) included in the remand order that would dictate "the review and consideration the ALJ must conduct on remand." *Id.* The plaintiff further claimed that if the parties could not agree to the scope of the remand, the district court would be required to rule on the merits of plaintiff's appeal after a full briefing. *Id.* at *3. The court rejected plaintiff's arguments, reasoning:

> [t]here would be no good reason to require full briefing and a judicial decision on the merits where both parties agree that the case should be remanded. And here, both parties agree[d] that the case should be remanded; their only quibble is about the terms of the remand order. That quibble [did] not require this Court to engage in an unnecessary exercise that would waste the resources of the parties and the Court, and that would needlessly delay further administrative proceedings.

2016 WL 2889030, at *2. In rejecting plaintiff's arguments for specific remand language, the court went on to note that "if accepted, plaintiff's argument [for specific remand language] would give him

---

[3] Actually, Plaintiff's motion seems not to argue any true errors of law or fact; it appears Plaintiff's counsel wanted to provide an "explanation for Plaintiff's objections" [dkt. 27, ¶ 5], which were already understood (and rejected for the reasons explained herein) by the Court when it analyzed and decided the motion for remand back in July.

a broader ruling in a voluntary remand than plaintiffs typically receive when the Court decides the case on the merits." *Id.* Thus, in remanding this matter, this Court made no finding as to any alleged errors in the ALJ's decision or whether these alleged errors rise above the level of harmlessness.

The cases cited to by Plaintiff are unavailing for the point that a remand of this type (before the Court makes a ruling on Plaintiff's summary judgment motion) can provide the specific instructions to the ALJ upon remand, as each of the cases cited to was decided after a full legal analysis of the ALJ's opinion as compared to the Administrative Record. *See Autman v. Colvin*, 2016 WL 6568016 (N.D. Ill. Nov. 4, 2016); *Quintana v. Colvin*, 2016 WL 3752982 (N.D. Ill. July 14, 2016); *Newcomb v. Berryhill*, 2017 WL 3189475 (N.D. Ill. July 27, 2017). None were decided on motions for remand. Moreover, none of the cases cited by Plaintiff instruct the ALJ to take a specific action or make certain findings; the cases do make findings on how the ALJ erred (because, in those cases, the legal sufficiency of ALJ's decision was actually analyzed), but none orders a specific course of action other than remanding "for further proceedings consistent with this opinion."

The Court is loath to require (and believes it would have been an error at the motion for reversal with remand stage to require) the ALJ to address certain "errors" or conflicts in their decision before it has even been determined whether those are indeed errors. *Fox v. Colvin* is also illustrative of this point: "[r]equiring the ALJ to 'consider all arguments' raised by plaintiff in his brief implies that the Court has itself considered those arguments and has found them to be meritorious – which, again, we have not done." *Fox*, 2016 WL 2889030, at *2.

In short, there was no error of law or fact. The Court had the authority to remand the case despite the "unusual situation" of the failure of the parties to agree on the precise terms of the remand order, and exercised that authority. *Id.* at *1-2. Plaintiff has not demonstrated the Court committed any manifest error of law or fact. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). Plaintiff's Motion to Alter or Amend Judgment pursuant to FRCP 59(e) [dkt.27] is denied.

Entered: 9/13/2017

U.S. Magistrate Judge, Susan E. Cox